# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

May 7, 2010

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE:   United States v. Mohammed Nabil Amadu, 10-CR-190-JG**

Your Honor:

Please accept this letter as the defendant's *motion in limine* to preclude certain testimony from the government's proposed drug expert whom we expect to be Special Agent McAlpin. The defense anticipates that the government intends to call Special Agent McAlpin to offer testimony: (1) that the quantity of cocaine recovered in this case is consistent with distribution; (2) the wholesale value and "street" value of the seized cocaine; and (3) the "methods and practices by which narcotics are transported into the United States."

The defense will *not* object to testimony as to the wholesale value of the seized cocaine.

The defense, however, does object to admission of the following types of evidence:

1.   <u>Agent McAlpin's primary responsibility is to enforce the narcotics laws of the United States.</u>

The defense objects to this type of testimony as it is irrelevant, grossly prejudicial, and unfairly bolsters the testimony of the government's "expert" witness. *See* Fed. R. Evid. 402 and 403.

2.  <u>Agent Mcalpin is an "Expert"</u>

If Agent McAlpin is permitted to offer an opinion as to the value of the cocaine seized in this case the defense moves to preclude any party from referring to him as an "expert" and/or his testimony as "expert testimony." So characterizing the witness or his testimony is inappropriate character evidence; and unfairly prejudicial to the defendant. *See* Fed. R. Evid. 404 and 403.

3.  <u>"Source Country" and "Trans-shipment country" testimony:</u>

The defense objects to any proffered testimony concerning source countries and/or trans-shipment countries. In this case the defendant was arrested coming from his country of citizenship, Ghana. Identifying Ghana as either a source country or a trans-shipment country sheds no light on whether Mr. Amadu was a knowing courier of cocaine into the United States, but would certainly tend to prejudice the defendant by suggesting that he was a citizen of such a country. The defense objects to the admission of this evidence on the ground that it is not relevant, and is grossly prejudicial. Fed. R. Evid. 402 and 403.

4.  <u>"Methods and Practices" of Drug Smugglers:</u>

The defense objects to any "expert" testimony about the methods and practices of drug smugglers in general. This type of evidence is not relevant to the unique facts and circumstances of Mr. Amadu's case, but it is high prejudicial as it would encourage the jury to associate Mr. Amadu with drug smugglers in general. Fed. R. Evid. 402 and 403.

5.  <u>"Stepping on Drugs":</u>

The government may ask Agent Mcalpin to testify about "stepping on drugs," which he has defined as the general practice of "street" drug dealers to "cut" or dilute their product with inactive ingredients in order to increase the quantity of the product, and therefore sell more and increase profits. The defense objects to this type of testimony as it is purely hypothetical; it is not based upon any expert methodology; and it would be based upon an unsupported assumption that the seized drugs in this case were going to be "stepped." Moreover, the topic of stepping on drugs, cutting agents, packaging, street level drug dealing is irrelevant to the issues in dispute in this case, to wit: whether Mr. Amadu was a knowing courier of cocaine; and the topic is grossly prejudicial as it would invite the jury

to unfairly associate Mr. Amadu with street level drug dealing. The defense objects to the admission of this evidence on the ground that it is proper expert testimony, not relevant, and is grossly prejudicial.  Fed. R. Evid. 702, 402 and 403.

That you kindly for your attention.

Respectfully submitted,

*Heidi Cesare*

Heidi C. Cesare, Esq.
Assistant Federal Defender
718-330-1257
heidi_cesare@fd.org

cc:   Clerk of the Court (By ECF)
      Tyler J. Smith, Esq., AUSA